UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN MCKEEHAN,<br><br>                  Plaintiff,<br><br>    v.<br><br>THYSSENKRUPP ELEVATOR CORPORATION,<br><br>                  Defendants. | Case No. 2:19-cv-00695 RSL-TLF<br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**Noting Date: January 10, 2020** |

Thyssenkrupp Elevator Corporation and Thyssenkrupp Elevator Manufacturing, Inc. Defendants ("tke" and "tke Manufacturing, respectively; together, "tke Defendants") have brought this Motion for Summary Judgment. Dkt. 24. Having considered the motion and taking note that plaintiff takes no position concerning defendants' arguments (Dkt. 29 at 1), the Court recommends that the motion be granted, and that all of plaintiff's negligence claims against tke Defendants should be dismissed with prejudice.

*Background*

Plaintiff brought this negligence suit against three defendants: tke; tke Manufacturing; and Schindler Elevator Corporation ("Schindler"). First Amended Complaint, Dkt. 1-2. Plaintiff alleges that on October 13, 2016, while leaving work as an aircraft mechanic at the Boeing facility in Everett, Washington, he was injured by a faulty elevator door. *Id.* at 3. Plaintiff asserts that he attempted to enter Elevator 62 in building 40-26, and the elevator's inner gate suddenly fell, striking plaintiff in the head and knocking him to the floor. *Id.* Plaintiff claims that the

1   elevator's alarm was not working, and that the elevator was removed from service for at least 60
2   days following plaintiff's injury. *Id.* at 4.

3      Plaintiff's complaint alleges that any or all of the named defendants were responsible for
4   the maintenance and repair of the elevator at the time plaintiff was injured. Dkt. 1-2, at 3.
5   Plaintiff asserts that the defendants were negligent for one or more of the following: Failure to
6   insure that the safety features of the elevator were working at the time of his injury; failure to
7   properly inspect or repair dangerous conditions on the elevator; failure to make premises safe for
8   business invitees such as plaintiff; failure to warn of a known and dangerous condition; negligent
9   installing, repairing, or maintaining the elevator; negligent training of employees maintaining the
10  elevator; and violation of RCW 70.87.020 (regarding safety standards for conveyance design,
11  operation, and inspection). *Id.* at 4.

12    *Legal Standard*

13    Summary judgment is supported "if the pleadings, the discovery and disclosure materials
14  on file, and any affidavits show that there is no genuine issue as to any material fact and that the
15  movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP)
16  56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute
17  of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute
18  concerning a material fact is presented when there is sufficient evidence for a reasonable jury to
19  return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253
20  (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose
21  existence might affect the outcome of the suit," and the materiality of which is "determined by
22  the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors*
23  *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    When the Court considers a motion for summary judgment, "[t]he evidence of the non-
2 movant is to be believed, and all justifiable inferences are to be drawn in [their] favor."
3 *Anderson*, 477 U.S. at 255. The Court is not allowed to weigh evidence or decide credibility. *Id.*
4 Although the Court must reserve for the jury genuine issues regarding credibility, the weight of
5 the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support
6 of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v.*
7 *SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014).

8    *Discussion*

9    To maintain an action for negligence under Washington law, a plaintiff must show (1)
10 that the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3)
11 the plaintiff was injured as a result, and (4) the defendant's breach was the proximate cause of the
12 injury. *N.L. v. Bethel Sch. Dist.*, 186 Wn.2d 422, 429 (2016). An elevator maintenance company,
13 who is not also the owner and operator of the elevator, shall be held to an ordinary standard of
14 care as to their contractual duties. *See Pruneda v. Otis Elevator Co.*, 65 Wn. App. 481, 486-487
15 (App. Div. 1 1992). The tke Defendants contest only the element of duty.. Dkt. 24, at 2.

16    Plaintiff has not provided any evidence beyond the claims made in his complaint. On the
17 other hand, tke Defendants present admissions (undisputed by plaintiff) that at the time of
18 plaintiff's injury (October 13, 2016), defendant Schindler had a maintenance contract for
19 Elevator 62, beginning August 15, 2016. Declaration of Whitney Smith, Exhibit A, Schindler
20 Responses to Requests for Admission, Dkt. 25-1, at 3. Meanwhile, tke Defendants' contract for
21 service of Elevator 62 ended on August 15, 2016. Smith Decl., Exhibits B and C, Dkt. 25-1, at 7,
22 10-11. Furthermore, tke Manufacturing did not install Elevator 62. Smith Decl., Exhibit D, Dkt.
23 25-1 at 14.

The Court finds no support for a claim that an elevator maintenance company that did not hold a current maintenance contract at the time of plaintiff's injury has a duty of care to inspect, maintain, or repair the elevator in question. Similarly, there is no legal basis to impose on non-contractually related defendants any duty to insure the safety of the elevator's premises. Furthermore, plaintiff declined to present any evidence that the tke defendants had prior knowledge of the elevator's malfunction and failed to warn the owner or operator of the elevator, or any control over Elevator 62 at the time of plaintiff's injury.

*Conclusion*

With no dispute over the material facts as to tke Defendants' involvement, there is no factual basis to find that tke Defendants owed any duty of care to plaintiff with respect to plaintiff's injury. Accordingly, tke Defendants' Motion for Summary Judgment on Plaintiff's Negligence claim should be granted, and the Court should dismiss all negligence claims against the tke Defendants—Thyssenkrupp Elevator Corporation and Thyssenkrupp Elevator Manufacturing, Inc.—with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **January 10, 2020**, as noted in the caption.

Dated this 19th day of December, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

- 4